UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven CASH,<br><br>                                    Plaintiff,<br><br>v.<br><br>James E. SIMMONS, Jr., et al.,<br><br>                                    Defendants. | Case No.:  22-cv-2065-AGS-DEB<br><br>**ORDER GRANTING IN PART MOTIONS TO DISMISS (ECF 4 & 6), REMANDING CASE, AND DENYING REMAINING MOTIONS AS MOOT (ECF 11 & 34)** |

As plaintiff essentially seeks reversal of his state-court conviction, this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. The case is dismissed and remanded to state court.

## BACKGROUND

Plaintiff Steven Cash originally brought suit in San Diego Superior Court against San Diego County,[1] the San Diego Sheriff's Department, and several Superior Court judges regarding his treatment in state criminal prosecutions that ended in his guilty plea. (ECF 1-3.) Cash seeks the reversal of his conviction as well as various remedies predicated upon that reversal, such as injunctive relief "for the arrest and removal of" defendants; restoration of his "right to bear arms"; erasing his DNA and fingerprints from all databases; and monetary damages. (ECF 1-2, at 30, 55.)

After defendants removed the case to this Court, they moved to dismiss the complaint. (ECF 1, 4, 6.) In turn, Cash moves to remand the action, while also opposing dismissal. (ECF 11.)

---

[1] The County was also sued as both the San Diego County District Attorney and the Public Defender's Office. But these agencies cannot be liable for civil-rights violations under 42 U.S.C. § 1983. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (District Attorney's Office); *Martinez v. Richard A. Cummo & Assoc.*, No. 1:15-cv-00948-MJS (PC), 2015 WL 6502099, at *2 (E.D. Cal. Oct. 27, 2015) (Public Defender's Office).

1

**DISCUSSION**

**A.   *Rooker-Feldman* Doctrine**

As a threshold matter, the County maintains that this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. (ECF 4-1, at 22.) *Rooker-Feldman* bars lower federal courts from exercising jurisdiction over a direct appeal from a state-court decision, as well as "over the de facto equivalent of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (cleaned up); *see generally Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). In this case, Cash explicitly "asks to have his conviction reverse[d]." (ECF 1-2, at 30.) This request functions as just such a forbidden de facto appeal, as Cash "seeks relief from the judgment" of a state court. *See Cooper*, 704 F.3d at 778.

What's more, *Rooker-Feldman* bars lower federal courts from considering "federal constitutional claims" that are "'inextricably intertwined' with the state court's judgment." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16). Claims are "inextricably intertwined" if "the district court must hold that the state court was wrong in order to find in favor of the plaintiff." *Id*. at 1030. For Cash to prevail on many of his federal claims, this Court would have to rule that the state court erred. For example, he maintains that the County "unjustly and overly prosecuted" him (*id*. at 14), and the public defender "force[d] him under duress to plead guilty" (*id*. at 24). Cash cannot vindicate these claims unless this Court rules that his convictions were in error.

The *Rooker-Feldman* doctrine does not extend to claims of "extrinsic fraud on a state court," that is, claims that an "adverse party" perpetrated an "illegal act or omission" to fraudulently obtain the "state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). But "conclusory allegations do not constitute the type of extrinsic fraud required to invoke the limited exception to *Rooker-Feldman*." *Scarlett v. Resol Group LLC*, No. 5:14-cv-5512-EJD, 2015 WL 1009829, at *4 (N.D. Cal. Mar. 5, 2015).

2

Any claims of extrinsic fraud that Cash raised are conclusory and would not justify bypassing *Rooker-Feldman*.

Thus, this Court lacks subject-matter jurisdiction over most of Cash's claims.

**B.   Other Grounds for Dismissal**

A few of Cash's federal claims are not de facto appeals of a state-court judgment. In particular, he claims civil-rights violations for an "illegal search" and for "excessive force." (ECF 1-2, at 28.) So, the Court will consider the defense's other arguments for dismissal as to these surviving federal claims.

**1.   Judicial Immunity**

Many of Cash's allegations are against the judges who presided over his criminal proceedings. The judicial defendants move to dismiss all these claims due to absolute judicial immunity. Judges may not be sued for their judicial acts, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Litigants who believe the judicial process has wrongfully harmed them may pursue relief through the appellate process; they may not sue judges for their alleged judicial mistakes.

There are only two exceptions that deprive judges of this immunity. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Cash does not allege that any judge lacked jurisdiction in his cases. He argues instead that they acted outside "their judicial roles as [Cash's] rights were violated." (ECF 11, at 69.)

To determine if an action is judicial or nonjudicial, the Court looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12. For example, the judge in *Mireles* allegedly ordered police officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom." *Id*. at 10.

3

The Supreme Court noted that ordering a seizure "with excessive force is not a 'function normally performed by a judge.'" *Id*. at 12. But it held that judicial immunity applied anyway, because "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Id*. at 13. A judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S. 219, 227 (1988). Nor are judges "deprived of immunity" if their actions were "in error" or were "in excess of [their] authority." *Mireles*, 502 U.S. at 13.

Cash claims that the defendant judges committed grievous errors and even misconduct, but the "nature" and "function" of these acts was assuredly judicial. (*See* ECF 1-2, at 8 (alleging Judge Behan signed an improper warrant without seeking "more information/evidence"); *id*. at 12–13 (alleging Judge Berry signed an improper warrant without providing Cash "an equitable opportunity to respond"); *id*. at 17, 19 (alleging Judge Washington signed an improper warrant, participated in "excessive bail" and "false unnecessary arrest," and failed to dismiss Cash's case, which made Judge Washington "a co-conspirator aiding and abetting a crime of attempting extortion"); *id*. at 22, 24 (alleging Judge Simmons "refused to allow [Cash] to speak[,] ordering him from the courtroom or face contempt charges," and forced him "under duress to plead guilty to a felony" by violating his rights "repeatedly through the [court] process").) In each instance, Cash also dealt with these judges in their judicial capacities. In fact, the main throughline in his complaint is that they abused their judicial positions. So, the judicial defendants are immune to any remaining federal claims not barred by *Rooker-Feldman*.

### 2. Excessive Force and Unreasonable Search

Given the length and inscrutability of Cash's complaint,[2] it is hard to ascertain the exact contours of any excessive-force or unreasonable-search claim against the County or

---

[2] The Court has done its best to discern Cash's federal claims. If any others lurk in his 120-page, 245-paragraph complaint, they are unintelligible and must be dismissed for failing to state a claim and for violating Rule 8's "short and plain statement" requirement.

Sheriff's Department under 42 U.S.C. § 1983. But as he has not alleged that a County or department policy or custom caused any constitutional violation, any such claims against the County or Sheriff's Office must be dismissed. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) (holding that a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" unless the injury arose from "execution of a government's policy or custom").

## C.   Motion to Remand and Supplemental Jurisdiction

The Court need not address Cash's arguments for remanding this case to state court. (*See* ECF 11 & 34.) The foregoing analysis disposes of all Cash's federal causes of action, leaving only state claims. When the Court has "dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over the remaining claims. 28 U.S.C. § 1367(c)(3). In fact, it generally "should decline the exercise of jurisdiction" if "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Thus, this Court refuses supplemental jurisdiction and remands this case to state court.

## CONCLUSION

The defense's motions to dismiss (ECF 4 & 6) are **GRANTED** in part. This Court lacks subject-matter jurisdiction under *Rooker-Feldman* for most of Cash's claims. But the federal claims that survive *Rooker-Feldman* perish due to judicial immunity or failure to state a claim. With no federal claims remaining, this Court declines supplemental jurisdiction over the state claims. The remaining motions (ECF 11 & 34) are **DENIED AS MOOT**. The Clerk is directed to **REMAND** this action to state court and close this case.

---

*See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (collecting cases upholding dismissals when pleadings were "distracting, ambiguous, and unintelligible"); Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim").

5

Dated:  September 13, 2023

Andrew G. Schopler
United States District Judge

6